1 | Christopher Sproul (State Bar No. 126398)
2 | ENVIRONMENTAL ADVOCATES
   | 5135 Anza Street
3 | San Francisco, California 94121
   | Telephone:  (415) 533-3376
4 | Facsimile:  (415) 358-5695
   | Email:  csproul@enviroadvocates.com
5 |
6 | Fredric Evenson (State Bar No. 198059)
   | Law Offices of Fredric Evenson
7 | 109 Quarry Lane
   | Santa Cruz, CA 95060
8 | Telephone: (831) 454-8216
   | Facsimile:  (415) 358-5695
9 | Email: ecorights@earthlink.net
10 |
   | Attorneys for Plaintiff
11 | ECOLOGICAL RIGHTS FOUNDATION

12 |

13 |                  UNITED STATES DISTRICT COURT

14 |                 NORTHERN DISTRICT OF CALIFORNIA

15 |

16 | ECOLOGICAL RIGHTS FOUNDATION, a          Civil Case No.
   | non-profit corporation,
17 |
18 |                 Plaintiff,               **COMPLAINT FOR DECLARATORY
   |                                          AND INJUNCTIVE RELIEF**
19 |          v.
20 | UNITED STATES ENVIRONMENTAL
   | PROTECTION AGENCY,
21 |
22 |
   |                 Defendant.
23 |
24 |
25 |
26 |
27 |
28 |

1  Ecological Rights Foundation ("EcoRights") alleges as follows:

2  **INTRODUCTION**

3      1.   EcoRights brings this action under the Freedom of Information Act ("FOIA"), which allows an

4  aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing

5  court to enjoin the agency from withholding records and to order the production of any agency records

6  improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). EcoRights also brings this action

7  under the FOIA regulations that the United States Environmental Protection Agency ("EPA") has

8  adopted and which allow an aggrieved party to seek judicial relief. 40 C.F.R. § 2.104(a). EcoRights

9  seeks declaratory and injunctive relief for FOIA violations by EPA. At issue in this case is EcoRights'

10  FOIA request dated February 1, 2017 (EPA-HQ-2017-003479) seeking documents addressing directives

11  or requests issued since the inauguration of President Trump by any Trump administration official to

12  employees of the EPA instructing them to not speak publicly about work at EPA, including but not

13  limited to instructions to not speak with media, and to not publish upon social media ("Gag Order

14  Directive(s)"); and documents concerning any directives or requests issued since the inauguration of

15  President Trump by any Trump administration official to EPA employees concerning whether EPA

16  information, reports, studies, and/or data must undergo review by a political appointee prior to

17  publication by EPA outside the agency ("Political Review Order"). EcoRights alleges that EPA has

18  failed to produce any documents or respond with a final determination within the statutory timeframe, in

19  violation of 5 U.S.C. section 552(a).

20  **JURISDICTION**

21      2.   This Court has subject matter jurisdiction under 5 U.S.C. section 552(a)(4)(B), which allows an

22  aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing

23  court to enjoin the agency from withholding records and to order the production of any agency records

24  improperly withheld from the complainant.

25      3.   This Court has personal jurisdiction over EPA and its officials because EPA is an agency of

26  the federal government operating within the United States.

27

COMPLAINT FOR DECLARATORY          1
AND INJUNCTIVE RELIEF

**VENUE**

4.   Venue in the United States District for the Northern District of California is proper under 5 U.S.C. section 552(a)(4)(B) because the complainant has its principal place of business in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

5.   Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(d) because EcoRights' principal counsel resides in San Francisco County, and EcoRights' principal place of business is located in Garberville, California.

**THE PARTIES**

6.   EcoRights is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful, and biologically diverse environment. To further its environmental advocacy goals, EcoRights actively seeks federal and state agency implementation of state and federal environmental laws and, as necessary, directly initiates enforcement actions on behalf of itself and its members.

7.   Defendant EPA is the agency of the United States Government responsible for administering and implementing the nation's environmental laws.

**STATUTORY AND REGULATORY BACKGROUND**

8.   FOIA requires that an agency disclose documents to any person except where the document falls under a specifically enumerated exemption. 5 U.S.C. § 552. The courts have emphasized the narrow scope of these exemptions and "the strong policy of the FOIA that the public is entitled to know what its government is doing and why." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

9.   When an agency decides to withhold records under a claim of exemption it must notify the person making such request of such determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). Government agencies bear the burden of proof to show that any withheld documents are exempt from the duty to disclose. 5 U.S.C. § 522(a)(4)(B).

1    10.    On June 30, 2016, President Obama signed into law the FOIA Improvement Act of 2016. The

2    Act made significant amendments to FOIA, effective as of enactment on June 30, 2016. 5 U.S.C. § 522,

3    § 6; Department of Justice Office of Information Policy Summary of the FOIA Improvement Act of

4    2016, available at https://www.justice.gov/oip/oip-summary-foia-improvement-act-2016 ("OIP FOIA

5    2016 Summary"). The amendments include changes to the standard by which EPA must evaluate

6    withholdings. The FOIA Improvement Act of 2016 dictates that agencies shall withhold information

7    only if disclosure would harm an interest protected by an exemption – what is referred to as the

8    "foreseeable harm standard." 5 U.S.C. § 552(a)(8)(A)(i); OIP FOIA 2016 Summary.

9    11.    Furthermore, 5 U.S.C. section 552(a)(6)(A)(i) requires that the agency provide enough

10   information, presented with sufficient detail, clarity, and verification, so that the requester can fairly

11   determine what has not been produced and "the reasons therefore."

12   12.    Additionally, FOIA requires an agency to consider partial disclosure whenever the agency

13   determines that full disclosure of a requested record is not possible and to take reasonable steps

14   necessary to segregate and release nonexempt information. 5 U.S.C. § 552(a)(8)(A).

15   13.    FOIA requires that an agency, upon any request for records, shall make the records available

16   promptly. 5 U.S.C. § 552(a)(3)(A). An agency shall make a determination whether to comply with a

17   request within twenty (20) business days after the receipt of the request and shall immediately notify the

18   party making the request of such determination, the reasons for the determination, and the party's right

19   to appeal. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, the agency may extend the time for the

20   determination, for no more than ten (10) days, by written notice to the party, specifying the reasons for

21   the extension and the date on which the determination is expected to be sent. 5 U.S.C. § 552(a)(6)(B)(i).

22   "Unusual circumstances" means (1) the need to search for and collect requested records from field

23   facilities or other establishments separate from the office processing the request; (2) the need to search

24   for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the

25   need for consultation with another agency or agency component having a substantial interest in the

26   determination of the request. *Id*. Consultation with another agency shall be conducted with all

27   practicable speed. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

COMPLAINT FOR DECLARATORY                3
AND INJUNCTIVE RELIEF

14.   Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the information requested to the extent they exist. 5 U.S.C. § 522(a)(3)(C).

15.   An agency's process for dealing with FOIA requests constitutes "withholding" if its net effect is to significantly impair the requester's ability to obtain the records or significantly increase the amount of time he or she must wait to obtain them. *McGehee, III v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), *vacated in part on other grounds*, 711 F.2d 1076 (1983).

## FACTUAL BACKGROUND

### EcoRights' FOIA Request

16.   EcoRights sent EPA a FOIA request for documents on February 1, 2017 (EPA-HQ-2017-003479) seeking documents addressing directives or requests issued since the inauguration of President Trump by any Trump administration official to employees of the EPA instructing them to not speak publicly about work at EPA, including but not limited to instructions to not speak with media, and to not publish upon social media ("Gag Order Directive(s)"); and documents concerning any directives or requests issued since the inauguration of President Trump by any Trump administration official to EPA employees concerning whether EPA information, reports, studies, and/or data must undergo review by a political appointee prior to publication by EPA outside the agency ("Political Review Order"). EPA has failed to issue a final determination concerning EcoRights' February 1, 2017 request within the deadlines mandated by FOIA or to produce any documents responsive to this request.

17.   The records sought by EcoRights are crucial to inform the public how the Trump administration is instructing EPA employees to fulfill or neglect statutory obligations in administering and enforcing federal environmental laws; to evaluate the extent to which EPA employees are being instructed to operate in secrecy, and therefore promote public oversight and accountability for EPA actions; to evaluate the impacts of funding cuts on programs that implement the nation's environmental laws; to determine the degree to which EPA employees are censored by Trump administration officials; fulfilling its obligations under federal environmental laws; and to reveal the impact of partisan politics

on the agency's priorities, operations, and implementation, all of which have consequences for imperiled wildlife, catastrophic climate change, and public health in communities across the country.

18.   EcoRights has intended to use the information requested to educate the public about any steps taken by the Trump administration to counter the efforts of EPA employees to administer and enforce federal environmental laws and to communicate inner-agency policy changes with the public. Without this information, EcoRights cannot successfully serve as an effective public interest watchdog ensuring that EPA is lawfully fulfilling its statutory duties.

### March 11, 2017 EPA Communications and Revised FOIA Request

19. The first communication from EPA in response to EcoRights' February 1, 2017 Request was a phone call dated March 11, 2017, a week past the FOIA statutory twenty working day response deadline on March 2, 2017. Participants on the call included Becky Dolph, Director of FOIA Expert Assistance Team Office at EPA and Christopher Sproul, counsel for EcoRights. During this call, EcoRights agreed to revise its FOIA Request at the request of EPA.

20. The agreed-upon revisions are recorded in a March 11, 2017 email from Becky Dolph to Christopher Sproul. These revisions include clarifying the language of the February 1, 2017 FOIA Request.

21. The March 11, 2017 email from EPA states that: "In our conversation we were able to clarify your request so that we are now able to proceed with processing."

22. Despite EcoRights' efforts to work collaboratively with EPA and revise its FOIA Request, EPA did not make a final determination nor did EPA provide any documents responsive to EcoRights' FOIA Request following this phone call.

### August 8, 2017 EPA Letter

23. EPA did not send any other communications to EcoRights concerning the February 1, 2017 FOIA Request until five months later in a letter dated August 8, 2017. In this letter, EPA indicated that documents responsive to EcoRights' FOIA Request had been uploaded to the FOIAonline system. The letter further instructed that EcoRights would soon receive an email with a direct link to the documents.

The letter also indicated that the Office of Public Affairs was still continuing to review potentially responsive documents, thus indicating that a final determination had not been reached.

24. EcoRights never received a link to any documents related to the request, as was referenced in the August 8, 2017 letter.

25. EPA has published a record of EcoRights' February 1, 2017 FOIA Request, including a pdf document containing EcoRights' FOIA Request and Fee Waiver Request, on the FOIA Online website. *See* FOIA Online, Request Details, Tracking No. EPA-HQ-2017-003479, https://foiaonline.regulations.gov/foia/action/public/view/request?objectId=090004d28113d03a. The entry estimates a completion date of July 25, 2017, over four and a half months past the twenty working day deadline of March 2, 2017. EPA did not send a response to EcoRights by this estimated completion date. As of the filing of this complaint, the status of the request is currently listed as "Processing," the final disposition is listed as "Undetermined," and the site states that "No records have been released."

26. No documents responsive to the request were ever uploaded to FOIAonline.

27. EcoRights has not received any documents in response to its February 1, 2017 FOIA request or its March 11, 2017 revised request.

**FIRST CLAIM FOR RELIEF**
**EPA Violation of**
**5 U.S.C. § 552(a)**

**Request for Declaratory Relief and Injunction to Compel EPA**
**To Comply with FOIA Deadlines and Produce Illegally Withheld Records**

28.  EcoRights reasserts and realleges all the preceding paragraphs above.

29.  EPA has violated 5 U.S.C. §§ 552(a)(6)(A) and (B) by failing to provide final determinations concerning the February 1, 2017 FOIA request within the statutory deadline. 5 U.S.C. § 552(a)(6)(A)(i) is plain: within 20 working days of the date that a FOIA request is received federal agencies must provide a determination that (1) informs the requester as to the disposition of its request, *i.e.*, whether documents will be provided or withheld and if the latter, why, and (2) that informs the requester of a right to appeal any decision not to provide requested documents. Federal agencies at most

1   can extend this 20 working day deadline by an additional 10 working days by informing the requester in

2   writing (1) that "unusual circumstances" necessitate such an extension and (2) when the agency will

3   respond. 5 U.S.C. § 552(a)(6)(B)(i). The statutory deadline for EPA's determination on EcoRights'

4   February 1, 2017 FOIA request was March 2, 2017, or March 16, 2017 if EPA had asserted the 10-day

5   "unusual circumstances" extension (which EPA did not). EPA has not provided either a partial or full

6   release of responsive records and in fact has not released any documents related to the request, nor has

7   EPA provided a final determination or asserted an exemption to FOIA's requirements. EPA has thus

8   violated FOIA's statutory deadlines for responding to the February 1, 2017 FOIA Request. EcoRights

9   has constructively exhausted its administrative remedies given EPA's failure to provide a final

10   determination for the February 1, 2017 FOIA Request within FOIA's statutory time limits. 5 U.S.C.

11   § 552(a)(6)(C)(i).

12      30.   EPA has violated FOIA by failing to "promptly" produce all documents responsive to the

13   February 1, 2017 FOIA Request not subject to a lawful FOIA exemption, as the final determinations are

14   overdue. 5 U.S.C. § 552(a)(3)(A).

15      31. EcoRights has constructively exhausted its administrative remedies given EPA's failure to

16   provide a final determination for the February 1, 2017 Request within FOIA's statutory time limits. 5

17   U.S.C. § 552(a)(6)(C)(i).

18   <center>**PRAYER FOR RELIEF**</center>

19      WHEREFORE, EcoRights seeks the following relief:

20      a.   A declaratory judgment pursuant to 5 U.S.C. § 552 that EPA violated FOIA by failing to

21   produce documents or provide a final determination for EcoRights' February 1, 2017 Request in

22   accordance with FOIA's statutory deadlines;

23      b.   An injunction pursuant to 5 U.S.C. § 552(a)(4)(B) ordering EPA to immediately provide its

24   determination for EcoRights' February 1, 2017 FOIA request and produce all documents in its

25   possession responsive to said request that are not exempt from disclosure;

26      c.   An award of attorneys fees and costs to EcoRights pursuant to 5 U.S.C. § 552(a)(4)(E); and

27      d.   Such other and further relief as this Court deems just and proper.

COMPLAINT FOR DECLARATORY                 7
AND INJUNCTIVE RELIEF

1
2
3
4          Dated: January 18, 2018                    Respectfully submitted,
5
6                                        By:    _Christopher a. Sproul_
7                                               Christopher Sproul
                                                Counsel for Ecological Rights Foundation
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27